410 F.2d 1143
 Thelma MKWANAZI, Francesca Madera, Beatrice Downey, Nestor Towsett, Elena Velasquez, Cosmo Musolino, Joseph Piegari, Salvatore Tremoto, Margaret Cambareri, Robert Gaus, J. Frank Lucas and John Urgo, Plaintiffs-Appellants,
v.
KENRAY ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellee,
v.
The CITY OF NEW YORK, and Jason R. Nathan, Administrator City of New York, Housing and Development Administration and Frederic S. Berman, Commissioner Department of Rent and Housing Maintenance, City of New York, Third-Party Defendants.
 No. 570.
 Docket 33151.
 United States Court of Appeals Second Circuit.
 Argued March 28, 1969.
 Decided May 16, 1969.
 
 Martin A. Schwartz, Jonathan Weiss, Harold J. Rothwax, Lester Evens, New York City, for appellants.
 Joseph Gaier, Martin A. Luster, Luster, Gaier & Luster, New York City, for appellee.
 Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.
 PER CURIAM:
 
 
 1
 While the within appeal was sub judice the court has been informed that the subject matter before the court for adjudication has been disposed of within the administrative process inasmuch as after full consideration the Rent and Rehabilitation Administration of the City of New York has issued binding findings on rent levels and so any need for injunctive relief against the landlord's attempts to evict plaintiffs has become moot. Under these circumstances no costs shall be awarded against appellants.
 
 
 2
 Appeal dismissed as moot.
 
 FRIENDLY, Circuit Judge (concurring):
 
 3
 What happened here was that the district office of the New York City Rent Administration had issued orders greatly increasing the rents of appellants. They filed a protest with the main office under § Y51-8.0 of the Rent & Rehabilitation Law. Because such a protest does not work a stay, Rent & Eviction Regulations § 101a, the tenants brought this action under the Civil Rights Act, 42 U.S.C. § 1983, to enjoin the institution of summary proceedings looking to their eviction for failure to pay the increased rents on the ground that the procedure followed by the district office had not accorded them due process. While this appeal from a dismissal of the complaint was sub judice, the main office of the City Rent Agency decided the protest. The decision was largely favorable to the tenants; in any event they have never claimed that the protest procedure, as distinguished from that in the district offices, failed to accord due process. The appeal is thus properly dismissed as moot.